UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ANNA PELL,

      Plaintiff,

   -against-

PALL CORPORATION,

      Defendant.
------------------------------------------------------X

MEMORANDUM AND ORDER

CV 07-92

(Wexler, J.)

APPEARANCES:

  LAW FIRM OF ANTHONY D. DENARO, P.C.
  BY: ANTHONY D. DENARO, ESQ.
  Attorneys for Plaintiff
  62 Nichols Court, Suite 200
  Hempstead, New York 11550

  LITTLER MENDELSON
  BY: DAVID J. ROSEN, ESQ.
  Attorneys for Defendant
  One Newark Center, 8th Floor
  Newark, New Jersey 07102

WEXLER, District Judge

  This is an employment discrimination action commenced by Plaintiff Anna Pell ("Plaintiff" or "Pell"), alleging federal and state statutory claims as well as state law claims for intentional infliction of emotional distress and wrongful termination. Named as Defendant is Plaintiff's former employer, Pall Corporation ("Pall" or "Defendant"). Presently before the court are Defendant's motions, pursuant to Rule 12(b)(6) and 12(b)(2) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motions are granted.

1

## BACKGROUND

I. <u>Factual Background and the Allegations of the Complaint</u>

The facts below are those set forth in the complaint and the parties' submissions about which there is no dispute. In the context of this motion to dismiss those facts are accepted as true and construed in the light most favorable to Plaintiff, the non-moving party.

Plaintiff is a sixty-two year old female who was employed by Pall as an administrative assistant in the Defendant's legal department. The complaint's allegations of discrimination begin with Plaintiff's diagnosis in or around January of 2005, with hypertension, heart palpitations, extreme fatigue and depression. Plaintiff states that after her diagnosis her supervisor began to treat her in a "harsh," "abusive" and "outrageously demanding manner." Pell alleges that she was treated differently from younger, similarly situated employees. Plaintiff took a medical leave of absence in September of 2005. Upon her return, on December 5, 2005, Plaintiff was told that her position was being eliminated and she was terminated.

Plaintiff filed a charge of discrimination and retaliation with the EEOC on March 8, 2006. She received her right to sue letter on October 11, 2006. This action was thereafter commenced on January 9, 2007.

II. <u>The Causes of Action</u>

Plaintiff's complaint sets forth a total of six causes of action. The first and third causes of action allege violation of the ADA – the first cause of action alleges retaliation and the third alleges unlawful termination. The second cause of action alleges that Plaintiff was terminated in violation of Section 296 of the New York State Executive Law. Plaintiff's fourth cause of action sets forth a New York state law claim for intentional infliction of emotional distress. The fifth

cause of action, entitled "wrongful termination," alleges that Plaintiff was wrongfully terminated because of her disability and age and in retaliation for the exercise of her federal and state law employment rights. Finally, Plaintiff's sixth cause of action alleges that she was a beneficiary of welfare, benefit and retirement funds during her employment and that the acts of Defendant wrongfully deprived her of the benefits of those funds.

III. The Motions to Dismiss

Defendant seeks dismissal, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, of Plaintiff's state law claim for intentional infliction of emotion distress on the grounds that: (1) the claim is untimely and, even if timely, (2) the facts alleged do not rise to the level of outrageous conduct necessary to state such a claim. Dismissal of the fifth cause of action for wrongful termination is sought on the ground that no such claim exists under New York State law. Finally, Defendant seeks dismissal of the claims alluded to in the introductory paragraph to Plaintiff's complaint. Pall argues that this paragraph is so vague that it fails to meet the pleading requirements of the Federal Rules. In the event that the court declines to dismiss the claims set forth in this paragraph, Defendant moves, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, to have Plaintiff re-plead such claims with specificity sufficient to allow a responsive pleading.

## DISCUSSION

I. Standards For Defendant's Motions

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is properly granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46

(1957); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). When ruling on a motion to dismiss, the court must accept as true all factual allegations in the complaint. All reasonable inferences must be drawn in favor of the non-moving party. Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College, 128 F.3d 59, 62 (2d Cir. 1997). It is not for the court to "weigh the evidence that might be presented at trial; the Court must merely determine whether the complaint itself is legally sufficient . . ." Rodolico v. Unisys Corp., 96 F. Supp.2d 184, 186 (E.D.N.Y. 2000).

Rule 12(e) provides that where a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). A motion pursuant to Rule 12(e) should not be granted "unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." Greater New York Auto. Dealers Ass'n v. Environmental Systems Testing, Inc., 211 F.R.D. 71, 76 (E.D.N.Y. 2002) (citations omitted). Rule 12(e) motions are generally disfavored. The "preferred course" is to encourage the use of discovery procedures to make clear the factual basis for the parties' claims. In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 233 F.R.D. 133, 135 (S.D.N.Y. 2005) (citations omitted).

II. Disposition of the Motions

    A. Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress under New York law, a plaintiff must allege "extreme and outrageous conduct, which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society." Freihofer v. Hearst Corp., 65 N.Y.2d 135, 143, 490 N.Y.S.2d 735, 741 (1985). One who engages in such behavior is

responsible for the resulting emotional distress. Id.; see also Fischer v. Maloney, 43 N.Y.2d 553, 556, 402 N.Y.S.2d 991, 992 (1978) (action lies for intentional infliction of emotional distress for conduct exceeding all bounds usually tolerated by decent society). New York law provides for a one year statute of limitation on such claims. Patterson v. Balsamico, 440 F.3d 104, 112 n.4 (2d Cir. 2006); see N.Y.C.P.L.R. §215(3) (setting forth statute of limitation for intentional torts).

The last act of discrimination alleged in the complaint, Plaintiff's termination, took place more than one year before commencement of this action. Accordingly, the claim for intentional infliction of emotional distress is time-barred. Plaintiff seeks to avoid this bar by arguing that the statute should be tolled for the time period that her claim was pending before the EEOC. The court rejects this argument and joins the majority of courts facing this issue and holding that the making of a claim before the EEOC does not toll the applicable statute of limitations. See, e.g., Pasqualini v. Mortgageit, Inc., 2007 WL 2161781 *6 (S.D.N.Y. 2007); Cabrera v. Quik Park Columbia Garage Corp., 2000 WL 1897348 *1 (E.D.N.Y. 2000); Stordeur v. Computer Assocs., International, 995 F. Supp. 94, 99-100 (E.D.N.Y. 1998).

The court further holds that even if timely, Plaintiff fails to state a claim for intentional infliction of emotional distress under New York State law. While Plaintiff's complaint may state a claim for employment discrimination, the allegations supporting her claims, even if proved to be true, do not rise to the level required to sustain a claim for the intentional infliction of emotional distress. There are no allegations that are so "extreme" or "outrageous" as to be regarded as intolerable in our society. Accordingly, even if timely, the court dismisses the claim for intentional infliction of emotional distress.

B.  <u>Wrongful Termination</u>

It is completely clear, and indeed Plaintiff does not argue otherwise, that New York does not recognize a common law claim for wrongful termination of employment. See <u>Sandberg v. KPMG Peat Marwick, LLP</u>, 111 F.3d 331, 335 (2d Cir. 1997). Instead, New York law provides for the termination of an at will employee for any reason that is not otherwise proscribed by contract, statute or the Constitution. See <u>Murphy v. Am. Home Prods. Corp.</u>, 461 N.Y.S.2d 232, 305 (1983); <u>Lawson v. New York Billiards Corp.</u>, 331 F. Supp.2d 121, 127 (E.D.N.Y. 2004).

Despite the fact that the complaint expressly entitles the fifth cause of action as "wrongful termination," Plaintiff argues now that she makes no such claim. Instead, Plaintiff argues that it is clear that this cause of action is one for "retaliation for plaintiff's pursuit of his rights."[1]

The court holds that the plain language of the complaint can be interpreted no other way than to attempt to set forth a common law claim for wrongful termination. In light of the fact that no such claim exists under New York law, the court dismisses the fifth cause of action. To the extent that Plaintiff alleges retaliation, such a claim is already set forth in Plaintiff's first cause of action.

C.  <u>Motion For A More Definite Statement</u>

The motion pursuant to Rule 12(e) is directed at the "Introduction" section of Plaintiff's complaint. That section consists of eight numbered paragraphs setting forth the statutes and common law provisions upon which Plaintiff bases this action. In addition to referring to the ADA, the parallel provision under New York law and ERISA, the statutes recited in those

---

[1]  Plaintiff's memorandum of law refers to Plaintiff's pursuit of "his" rights, despite the fact that plaintiff is alleged to be a sixty two year old female.

paragraphs are: (1) the Age Discrimination in Employment Act, 29 U.S.C. § 621 (the "ADEA") and (2) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Title VII).

With the exception of the "Introduction," there is no further mention of either the ADEA or Title VII in the numbered causes of action. Instead, the statutory causes of action set forth in the complaint, as described above, are limited to the ADA (the first and third causes of action), the New York State Executive Law (the second cause of action) and ERISA (the sixth cause of action). The drafting of Plaintiff's complaint, in particular, the use of an introduction which is followed by separately stated causes of action (that fail to refer to previously introduced causes of action), makes it unclear whether Plaintiff intends to pursue her ADEA and Title VII claims. To make matters more confusing, the complaint's recitation of jurisdiction and venue refer to the ADEA, the New York Executive Law and Title VII, but not to the ADA or ERISA.

In light of the confusing way in which Plaintiff chose to draft the complaint, it is not surprising that Defendant is at something of a loss when attempting to respond. While the factual bases for Plaintiff's claims are clear, the causes of actions pursued are not. To avoid further confusion, especially at trial when determining the causes of action to be submitted to the jury, the court grants the Defendant's Rule 12(e) motion as follows:

- Plaintiff is granted 20 days from the date of this Memorandum and Order to serve an amended complaint setting forth those statutory causes of action she wishes to pursue. In light of the court's holding dismissing the common law causes of action for wrongful termination and intentional infliction of emotional distress, any such common law claims may not be re-pled.

- If Plaintiff does not serve an amended complaint within the time period set forth herein,

the statutory causes of action pursuant to the ADEA and Title VII will be deemed abandoned and Plaintiff will proceed only on her claims pursuant to the ADA, the New York Executive Law and ERISA.

- In the event that Plaintiff serves an amended complaint, Defendant shall respond to that pleading within the time provided in the Federal Rules.

- In the event that Plaintiff chooses not serve an amended complaint, Defendant's time to respond to the original complaint shall begin to run twenty days after the date of this Memorandum and Order. Defendant's answer to the original complaint may simply deny every paragraph set forth in the introduction.

## CONCLUSION

For the foregoing reasons, the court grants Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's fourth and fifth causes of action. The motion pursuant to Rule 12(e) is granted to the extent set forth above. The parties are to proceed with discovery. The Clerk of the Court is directed to terminate the motions.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
August 20, 2007